# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH TUHOLSKI, individually and as Independent Administrator of the Estate of DENNIS TUHOLSKI, | )<br>)<br>) |
| Plaintiff, | ) Case No. 13 C 1093 |
| | ) Hon. Marvin E. Aspen |
| v. | ) |
| DELAVAN RESCUE SQUAD, INC., a corporation, and the WALWORTH COUNTY SHERIFF'S DEPARTMENT, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Joseph Tuholski ("Tuholski") filed a complaint alleging survival, negligence, and wrongful death against Defendants Delavan Rescue Squad, Inc. ("Delavan") and Walworth Country Sheriff's Department ("Walworth"), after his brother died from an asthma attack. Walworth removed the case to the Northern District of Illinois from the Circuit Court of Cook County. On April 9, 2013, Walworth filed a motion to transfer venue to Wisconsin pursuant to 28 U.S.C. § 1404(a). For the reasons discussed below, we grant Walworth's motion to transfer this action to the U.S. District Court for the Eastern District of Wisconsin.

### BACKGROUND

On July 22, 2012, Delavan, an ambulance service, responded to a 911 call after Dennis Tuholski experienced an asthma attack. (2nd Am. Compl. ¶¶ 20–31.) Later that day, Dennis died in the hospital. (*Id.* ¶ 31.) Tuholski, individually and on behalf of Dennis' estate, brought suit in the Circuit Court of Cook County on January 4, 2013 against Walworth and Delavan. The second amended complaint includes three counts, alleging wrongful death, negligence, and

survival. Walworth removed to the Northern District of Illinois, and we now confirm that there is diversity between the parties such that we have subject matter jurisdiction.[1] We turn to consider Walworth's motion to transfer venue to the Eastern District of Wisconsin, filed on April 9, 2013.

**ANALYSIS**

Pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses and in the interest of justice, a court may transfer any civil matter to another district where venue is proper. The moving party must show that: (1) venue is proper in the district where the action was originally filed; (2) venue would be proper in the transferee court; and (3) the transfer will serve the convenience of the parties and witnesses as well as the interests of justice. *See Morton Grove Pharm., Inc. v. Nat'l Pediculosis Ass'n*, 525 F. Supp. 2d 1039, 1044 (N.D. Ill. 2007). As the party seeking transfer in the present case, Walworth has the burden to show that the Eastern District of Wisconsin is "clearly more convenient" than the Northern District of Illinois. *Heller Fin. Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989); *Lewis v. Grote Indus., Inc.*, 841 F. Supp. 2d 1049, 1053 (N.D. Ill. 2012).

Tuholski acknowledges that venue is proper in both the Eastern District of Wisconsin and the Northern District of Illinois. (Resp. Mot. Trans. at 1.) Walworth, in its amended motion for removal, reserved the right to challenge personal jurisdiction. (Am. Notice Rem. at 4.)

---

[1] In the original notice of removal filed on February 11, 2013, Walworth failed to prove, as "a matter of certainty and not of probabilities," that there was diversity between the parties. *Murphy v. Schering Corp.*, 878 F. Supp. 124, 125–26 (N.D. Ill. 1995). We allowed Walworth an opportunity to amend the notice of removal. *Tuholski v. Delavan Rescue Squad, Inc.*, 13 C 1093, 2013 WL 4052611 at *4 (N.D. Ill. Aug. 12, 2013). On September 10, 2013, Walworth appropriately asserted diversity jurisdiction between parties: Tuholski admits that he is a citizen of Illinois in his response to Walworth's Motion to Transfer; Walworth is a citizen of Wisconsin, as its principal place of business and nerve center are in Walworth County, Wisconsin; and Delavan is a citizen of Wisconsin, as its headquarters, nerve center, and principal place of business are in the state of Wisconsin.

However, Walworth urges that transfer may still occur. (Reply Mot. Trans. at 2.) "Under 1404(a) as under 1406(a), the transferring court need not have personal jurisdiction over the defendants." *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *Cont'l Cas. Co. v. Staffing Concepts, Inc.*, 06 C 5473, 2009 WL 3055374, at *2 (N.D. Ill. Sept. 18, 2009.) Since Walworth concedes this point, we address whether transfer will serve the convenience of parties and witnesses as well as the interests of justice.

The Seventh Circuit has stated that the transfer decision requires "flexible and individualized analysis" based on the circumstances of a particular case. *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010); *Body Sci. LLC v. Boston Scientific Corp.,* 846 F. Supp. 2d 980, 997 (N.D. Ill. 2012). The district court is given wide discretion in weighing the factors involved in each case. *Lewis*, 841 F. Supp. 2d 1049, at 1053 (citing *Heller Fin.*, 883 F.2d at 1293).

## I. Convenience (or Private) Factors

In deciding whether transfer would promote convenience, courts consider such private interest factors as: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of witnesses." *Morton Grove Pharms.*, 525 F. Supp. 2d at 1044 (citing *Schwartz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 835 (N.D. Ill. 2004)); *see also Amoco Oil Co. v. Mobil Oil Corp.,* 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). We evaluate each factor in turn.

### A. Plaintiff's Choice of Forum & the Situs of Material Events

The plaintiff's choice of forum "should rarely be disturbed." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843 (1947)); *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). Courts in this district have held, however, that if the "events giving rise to the cause of action did not take place in the plaintiff's selected forum, the 'plaintiff's preference has minimal value.'" *Dunn v. Soo Line R. Co.,* 864 F. Supp. 64, 65 (N.D. Ill. 1994) (quoting *Robinson v. Town of Madison*, 752 F. Supp. 842, 847 (N.D. Ill. 1990)); *see also Metzger v. SleeceCo, Inc.,* 09 C 6071, 2010 WL 563073, at *2 (N.D. Ill. Feb. 12, 2010). The events giving rise to the present action indisputably took place entirely in Wisconsin. Accordingly, Tuholski's choice of the Northern District of Illinois as the forum for this action has minimal weight in our analysis, while the situs of material events factor weighs heavily in favor of transfer.

### B. Access to Sources of Proof

The next convenience factor concerns the relative ease of access to evidence. Tuholski argues that evidence in Wisconsin, "most likely limited to medical records or policies and procedures," can be transported electronically. (Resp. Mot. Trans. at 3.) Tuholski thus contends that transfer "will not ease any party's access to evidence." (*Id.*) As Walworth contends, however, documentary evidence may not be the only evidence used at trial.

Walworth points out that some non-documentary sources of proof are located in Wisconsin and cannot be replicated. (Reply Mot. Trans. at 5.) For example, Walworth suggests that Tuholski may wish to inspect the Walworth County 911 dispatch center, or that a jury view may become desirable. (*Id.*) While "[t]he location of a party's documents and records is usually not a very persuasive reason to transfer a case," *Morton Grove Pharm.*, 525 F. Supp. 2d at

1045–46 (internal quotation omitted), we recognize that truly unique sources of proof in Wisconsin are available and may become necessary. In light of that legitimate possibility, this factor slightly favors transfer to the Eastern District of Wisconsin.

### C. Convenience of Parties

Next we evaluate the convenience of the parties in this action. As the moving party, Walworth has the burden of showing that "the original forum is inconvenient for the defendant and that the alternative forum does not significantly inconvenience the plaintiff." *Continental Cas. Co. v. Staffing Concepts, Inc.,* No. 06 C 5473, 2009 WL 3055374, at *5 (N.D. Ill. Sept. 18, 2009); *First Nat'l Bank v. El Camino Res., Ltd*., 447 F. Supp. 2d 902, 912–13 (N.D. Ill. 2006).

As Tuholski is a resident of Illinois, Wisconsin is presumably a less convenient forum for him. (Resp. Mot. Trans. at 3.) We assume for purposes of this motion that Chicago is more convenient because Tuholski chose to file suit here. Walworth asserts that it is more convenient for it to litigate in Wisconsin, given the location of its headquarters, employees, and witnesses. (Reply Mot. Trans. at 5–7.) Nonetheless, Walworth has not demonstrated that transfer would not significantly inconvenience Tuholski. We recognize that Walworth's attempt to meet this standard is somewhat hampered by the complaint's failure to identify the city where Tuholski lives. Walworth thus lacks useful information on which it could persuasively argue the relative convenience of Chicago and Milwaukee as potential venues for Tuholski's claims. Ultimately, Walworth bears the burden of proof on this question and yet cannot satisfy it. As such, this factor does not weigh in favor of transfer.

### D. Convenience of Witnesses

The last of the private factors is the convenience of witnesses, which "is often viewed as the most important factor in the transfer analysis." *JDA eHealth Sys., Inc. v. Chapin Revenue Cycle Mgmt., LLC,* 10 C 7781, 2011 WL 2518938, at *4 (N.D. Ill. June 23, 2011) (quoting *Preussag Int'l Steel Corp. v. Ideal Steel & Builder's Supplies, Inc.,* No. 03 C 6643, 2004 WL 783102, at *5 (N.D. Ill. Jan. 20, 2004)). Besides demonstrating that it would be inconvenient for witnesses to be called in the Northern District of Illinois, "[t]he party seeking transfer must specify the key witnesses to be called and make a generalized statement of their testimony." *Heller Fin.*, 883 F.2d at 1293; *First Nat'l Bank*, 447 F. Supp. 2d at 913; *Bauer v. Holder*, 12 C 2424, 2013 WL 80371, at *3 (N.D. Ill. Jan. 4, 2013).

Walworth contends that Defendants' witnesses are almost exclusively located in Wisconsin. (Mem. Mot. Trans. at 6.) These include individuals who were with the decedent when he died, employees of Delavan and Walworth, medical providers, the coroner, and individuals at Mercy Hospital. (*Id;* Reply Mot. Trans. at 7–9.) Walworth argues that the testimony of these individuals will be crucial, since many of the potential witnesses treated Tuholski, were involved in dispatching the Delavan Rescue Squad to the scene, or have knowledge of the operational procedures and relationships between Defendants. (Reply Mot. Trans. at 8–9.) On the other hand, Tuholski urges that his witnesses are all located in Illinois, or that in the alternative, that it is no easier for those witnesses located in Wisconsin to travel to Milwaukee than to Chicago. (Resp. Mot. Trans. at 4.)

In balancing these facts, we focus particularly on the availability of non-party witnesses, "because party witnesses are required to appear." *Amorose v. C.H. Robinson Worldwide, Inc.,* 521 F. Supp. 2d 731, 736 (N.D. Ill. 2007). Walworth's witness list includes the medical

examiner and coroner, both non-party witnesses who examined the decedent. Additionally, according to Walworth, the testimony of the Walworth and Delavan employees will bear significantly on the determination of Defendants' fault. *See Aramark Mgmt. Servs. Ltd. P'ship v. Martha's Vineyard Hosp., Inc.*, 03 C 1642, 2003 WL 21476091, at *4 (N.D. Ill. June 23, 2003) (citing *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 799 (N.D. Ill. 1998) ("[C]ourts consider not only the number of witnesses, but also the anticipated quality and impact of their testimony.")).

Tuholski's witness list identifies important witnesses as well, including a third-party witness present with Dennis when he suffered the asthma attack. Tuholski's remaining witnesses include family members (including Tuholski) and a witness who, while an Illinois resident, has a home in Delavan. "As a practical matter, it is usually assumed that witnesses within the control of the parties will appear voluntarily." *Am. Family Ins. v. Wal–Mart Stores, Inc.*, No. 02 C 8017, 2003 WL 1895390, at *2 (N.D. Ill. Apr. 17, 2003); *see Childress v. Ford Motor Co.*, 03 C 3656, 2003 WL 23518380, at *4 (N.D. Ill. Dec. 17, 2003) (explaining that "it is reasonable to conclude that [a family member] is more likely to attend trial than the non-party . . . witnesses who are neither blood relatives of Plaintiffs or employees of Defendant.") Tuholski's witness list consists primarily of the types of witnesses who either must or would voluntarily appear to testify. (Resp. Mot. Trans. at 4 (identifying family members, Dennis's girlfriend, and the Delavan neighbor as witnesses).)

On the whole, we are persuaded that it would be more inconvenient for the Wisconsin witnesses to appear in an Illinois federal court. Walworth lists two non-party witnesses with no ties to Dennis or his family such that their personal interest in testifying might outweigh their inconvenience. In addition, Walworth's briefs identify as potential witnesses various officials

and employees from Walworth, Delavan, and Mercy Hospital, all of whom work in Wisconsin. (*See* Reply Mot. Trans. at 8–9 (describing additional witnesses and stating that none of them could be compelled to testify in Chicago).) In light of the above, we conclude that this factor favors transfer to the Eastern District of Wisconsin.

## II. Interest of Justice (or Public) Factors

We now consider the relevant interest of justice factors under the transfer statute. These public factors include the "court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *First Nat'l Bank*, 447 F. Supp. 2d at 912 (internal quotation omitted); *TIG Ins. Co. v. Brightly Galvanized Prods. Inc.*, 911 F. Supp. 344, 346 (N.D. Ill. 1996)*; see also Research Automation*, 626 F.3d at 978. Here, our analysis looks to "the efficient functioning of the courts." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986.)

### A. Court's Familiarity with Applicable Law

The first inquiry is whether the Eastern District of Wisconsin is more familiar with the applicable law in this case than the Northern District of Illinois. Walworth argues that the substantive law of Wisconsin would apply, based upon Illinois conflict of law principles, and that the Wisconsin courts are more familiar with the application of such laws. (Mem. Mot. Trans. at 6.) Tuholski does not challenge this assertion, and thus we accept it. *See Dunn*, 864 F. Supp. at 67. Tuholski, however, contends that federal courts are often called upon to apply the laws of other states. (Resp. Mot. Trans. at 6.) We conclude that this factor may support transfer in some small degree.

### B. The Speed at Which the Case Will Proceed to Trial

The second public factor concerns the likelihood that a litigant will receive a speedy trial in the interest of justice. *Coffey*, 796 F.2d at 221. According to recent Federal Court Management Statistics for both courts,[2] the time between filing a case to trial is 31.5 months in the Northern District of Illinois and is 25.6 months in the Eastern District of Wisconsin. The time from filing to disposition in civil cases is the same for both courts, at 6.7 months. While the times for disposition are identical, the interest in a speedy trial overall may favor transfer to the Eastern District of Wisconsin in some degree.

### C. Desirability of Resolving Controversies in Their Locale

Finally, we evaluate Wisconsin's and Illinois's respective interest in resolving this controversy. "Resolving litigated controversies in their locale is a desirable goal of federal courts." *First Nat'l Bank*, 447 F. Supp. 2d at 914 (quoting *Doage v. Bd. of Regents*, 950 F. Supp. 258, 262 (N.D. Ill. 1997)). Walworth argues that Wisconsin's interest in this controversy relates to "the local interest in having localized disputes decided at home," and contends that an Illinois jury and judge should not be burdened with this case where the majority of those involved reside in the Eastern District of Wisconsin. (Reply Mot. Trans. at 6) (citing *Clerides v. Boeing Co.*, 534 F.3d 623, 628 (7th Cir. 2008)). Walworth asserts that the injury occurred in Wisconsin and the parties' relationship centers in Wisconsin, giving rise to an interest for Wisconsin to resolve the controversy. (Mem. Mot. Trans. at 12.) We agree.

Although Tuholski argues that both states have an interest in the controversy, he fails to effectively articulate Illinois's interest. We assume that Tuholski resides, and that Dennis

---

[2] *Comparison of Districts Within the Seventh Circuit — 12 Month Period Ending June 30, 2013*, Federal Court Management Statistics, http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2013/comparison-districts-within-circuit-june-2013.pdf&page=7.

resided, in the Northern District because Tuholski filed the suit in Cook County. While Illinois surely has an interest in litigating disputes that involve a resident's death, Wisconsin has a stronger interest in resolving a dispute that arose entirely in Wisconsin and involves several of its corporations, municipalities, and citizens, including Defendants, party witnesses, and other potential witnesses. This factor weighs significantly in favor of transfer.

**III.     Summary of Factors**

After analyzing all of the factors for transfer under 28 U.S.C. § 1404(a), we hold that the balance warrants transfer of this action to the Eastern District of Wisconsin. In particular, efficiency and convenience to the parties and non-party witnesses weigh significantly in favor of transfer.

## CONCLUSION

For the reasons stated above, this case is hereby transferred to the Eastern District of Wisconsin. It is so ordered.

                                                    Marvin E. Aspen
                                                  United States District Judge

Dated:     Chicago, Illinois
               November 13, 2013